## J. H. Porter's Adm'r v. John B. Castleman.

**Covenants of Warranty—Compromise—Answer.**
An action for breach of covenants that a vessel is free of liens and incumbrance, settles nothing where compromised, and which did not result in a judgment.

**Compromise.**

> An agreement by the owner in a suit between the owner of such vessel and lien holder, to recognize the existence of a lien and pay the same by way of compromise, does not admit the validity of such lien in an action for breach of covenants.

**Answer.**

> A party sued for breach of covenants may answer that there were no liens, notwithstanding that the covenantee has admitted and paid such liens by way of compromise and to avoid litigation.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 30, 1874.

OPINION BY JUDGE LINDSAY:

Appellant complains of a breach of appellee's covenants, that the steamer, Pink Varble, was, when sold, "free of any and every lien, privilege or incumbrance." The proceedings in the district court at Memphis, Tenn., did not result in judgment, and hence do not establish the existence of the claims asserted therein by the libelants. The fact that appellee compromised with the parties asserting their claims, proves nothing, as he had the right to escape even unfounded litigation by buying his peace, and it may have been, and doubtless was, much cheaper to compromise than to make successful defense.

The answer of Castleman, so far as he attempts to deny the existence of the liens in favor of Downs, etc., is as specific as are the allegations of the petitions; and appellants cannot complain that their general averments to the effect that there were such liens, were not taken for confessed. The testimony of Johnson does not establish a contract of affreightment between the parties of the Pink Varble and any of the parties claiming to be salvors of the cotton taken from the wreck of the W. A. Caldwell. The best evidence as to the nature of the agreements between the master of the Varble and Downs and Johnson are the receipts given to each of them. These receipts were not produced, nor is there anything in the record explaining their contents. The whole testimony tends to show that Downs, Johnson and the officers and crew of the Varble were the joint salvors of the cotton, and that it was carried to Memphis on their joint account. There is certainly no such contract proven as would bind the boat. This view of the case makes it unnecessary to examine the remaining questions presented in the agreement. It is clear that appellee is not bound to

make good the loss resulting to appellant from every claim that parties may choose to assert against the boat.

Judgment *affirmed.*

*Havlan, Wilson, for appellant.*
*Boyle, for appellee.*